## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. COLEMAN, MARY A. COLEMAN**, **ALAN LEMKE, and KAREN LEMKE**, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) Civil No. 3:15-cv-01411-SMY-SCW |
| | ) |
| v. | ) ) |
| **SENTRY INSURANCE A MUTUAL COMPANY**, | ) ) ) |
| Defendant. | ) ) |

## AMENDED CLASS ACTION SETTLEMENT AGREEMENT WITH SENTRY INSURANCE A MUTUAL COMPANY

Plaintiff Class Representatives, William A. Coleman, Mary A. Coleman, Alan Lemke, and Karen Lemke, on behalf of themselves and the Settlement Class defined below, and Defendant, Sentry Insurance a Mutual Company, enter into this Amended Settlement Agreement on the following agreed terms:

### RECITALS

1.      The Class Representatives brought this Lawsuit on behalf of themselves and others similarly situated alleging that Defendant breached certain "payback" terms in certain of its auto insurance policies. Defendant disputes the claims made against it in this Lawsuit and denies liability to the Class Representatives and the Settlement Class.

2.      Class Counsel has conducted investigation and discovery relating to the claims brought against Defendant, has analyzed the legal issues in the case,

and has engaged in motion practice in connection with the claims. Class Counsel believes that this settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and that this Amended Settlement Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e).

3.     Defendant is entering into this Amended Settlement Agreement solely to avoid the costs and uncertainties of continued litigation of this Lawsuit. Defendant also believes that this Settlement is fair, reasonable, adequate and that the Amended Settlement Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e).

## DEFINITIONS

4.     "Class Counsel" means the law firm of Cohen & Malad, LLP.

5.     "Class Member" means any person who is a member of the Settlement Class and who does not submit a timely request to be excluded from the Settlement Class, as provided by the Preliminary Approval Order, and who is not otherwise excluded by the Court from the Settlement Class.

6.     "Class Member List" means the list of names and addresses of each member of the Settlement Class to be prepared by Defendant and made up of: All persons in the States of Arkansas, Colorado, Georgia, Illinois, Iowa,  Minnesota, Missouri, Nebraska, Ohio, Tennessee, and Wisconsin who had an auto insurance policy with Sentry Insurance a Mutual Company ("Sentry") with a Payback Agreement endorsement for the years 2010 through 2014, inclusive, and all persons in the States of Connecticut and Kentucky who had an auto insurance policy with Sentry with a Payback Agreement endorsement for the years 2010 to 2013,

inclusive, and who: (1) were sent a letter informing them that the policy had been non-renewed as part of Sentry's nonrenewal of standard consumer policies in their State; and (2) had no claims or losses under the policy in the year preceding the non-renewal. Excluded from the class are any persons who previously released any claim to recover any "payback" amount owed to them.  In addition, the Class Member List shall contain the Disputed Premium Amount for each member of the Settlement Class. The list shall be provided in the form of an Excel spreadsheet.

7.      "Class Representatives" means the Plaintiffs, William A. Coleman, Mary A. Coleman, Alan Lemke, and Karen Lemke.

8.      "Court" means the United States District Court for the Southern District of Illinois.

9.      "Defendant" means Sentry Insurance a Mutual Company.

10.     "Disputed Premium Amount" means one-half of the total amount of premium that a Class Member paid (after accounting for any premium refunds already made by Sentry) under an auto insurance policy that contained a Payback Endorsement during the last 4 policy years if there was no claim or loss incurred under the policy during the last 5 policy years.  If a claim or loss was incurred under the policy during the last 5 policy years, "Disputed Premium Amount" means one-half of the total amount of premium paid (after accounting for any premium refunds already made by Sentry) under the policy during the last 4 policy years after the last policy year in which a claim or loss was incurred under the policy.

11.     "Effective Date" means the first day on which the Court has entered a final judgment approving this Amended Settlement Agreement and either: (a) the time to appeal from the Court's final judgment approving this Amended Settlement Agreement has expired and no appeal has been taken; or (b) if a timely appeal of the Court's final judgment approving this Amended Settlement Agreement is taken, the date on which the final judgment is no longer subject to further direct appellate review if the final judgment has not been reversed in any way.

12.     "Execution Date" means the first date on which this Amended Settlement Agreement has been executed by the Class Representatives, Class Counsel, Defendant, and Defendant's counsel.

13.     "Final Approval Hearing" means the hearing that the Court will conduct to consider whether to grant final approval to this Amended Settlement Agreement.

14.     "Final Approval Order" means the proposed Final Approval Order, in the form of Exhibit "A."

15.     "Lawsuit" means the above-captioned action pending in the Court under Case No. 3:15-cv-01411-SMY-SCW.

16.     "Net Settlement Fund" means the monies remaining from the Settlement Fund after the payment from the Settlement Fund of attorneys' fees and the Class Representatives' fees.

17.     "Notice and Settlement Administrator" means the entity chosen by Class Counsel, and approved by Defendant, to administer the notice and settlement distribution process involved in this settlement.

18.     "Notice of Class Action Settlement" means the proposed notice to be sent to the members of the Settlement Class by direct mail, in the form of Exhibit "B".

19.     "Preliminary Approval Order" means the proposed Order Preliminarily Approving Class Action Settlement, Directing Notice, and Setting Date for Fairness Hearing, in the form of Exhibit "C."

20.     "Settlement Class" means all persons listed on the Class Member List.

21.     "Settlement Fund" means the sum of $5,718,825 to be paid by Defendant under Paragraph 32 of this Amended Settlement Agreement and to be held by the Notice and Settlement Administrator for the benefit of Class Members pending the instructions for distribution and payment in this Agreement and further Court order.

## PROCEDURE FOR APPROVAL OF AMENDED SETTLEMENT AGREEMENT

### Stipulation to Certification of the Settlement Class

22.     The Class Representatives, Class Counsel, and Defendant stipulate that, for the purposes of settlement only, the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied and that, subject to Court approval, the following Settlement Class should be certified:

> All persons listed on the Class Member List, which is made up of all persons in the States of Arkansas, Colorado, Georgia, Illinois, Iowa,

Minnesota, Missouri, Nebraska, Ohio, Tennessee, and Wisconsin who had an auto insurance policy with Sentry Insurance a Mutual Company ("Sentry") with a Payback Agreement endorsement for the years 2010 through 2014, inclusive, and all persons in the States of Connecticut and Kentucky who had an auto insurance policy with Sentry with a Payback Agreement endorsement for the years 2010 to 2013, inclusive, and who: (1) were sent a letter informing them that the policy had been non-renewed as part of Sentry's nonrenewal of standard consumer policies in their State; and (2) had no claims or losses under the policy in the year preceding the non-renewal. Excluded from the class are any persons who previously released any claim to recover any "payback" amount owed to them.

## Preliminary Approval of the Amended Settlement Agreement by the Court

23.     No later than May 26, 2016, the Class Representatives must move the Court to enter the Preliminary Approval Order.

## Notice to Settlement Class Members of Preliminary Approval

24.     Direct mailed notice is appropriate in this case because Defendant communicated with the Settlement Class by direct mail within the past several years and has a list of Class Member addresses, which will further be updated by the Notice and Settlement Administrator through the United States Postal Service's National Change of Address database.

25.     No later than ten days after the Execution Date, Defendant must provide Class Counsel with the Class Member List.

26.     Class Counsel must within 30 days of the entry of the Preliminary Approval Order, or within such other time as may be ordered by the Court, cause the Notice and Settlement Administrator to send the Notice of Class Action Settlement to all Settlement Class Members by direct mail, using the addresses provided on the Class Member List, as updated through the United States Postal

Service's National Change of Address database.  If any mailed Notice of Class

Action Settlement is returned as undeliverable with a forwarding address then the

Notice and Settlement Administrator must cause the notice to be forwarded by mail

to the listed forwarding address. If any mailed Notice of Class Action Settlement is

returned as undeliverable without a forwarding address then the Notice and

Settlement Administrator must attempt to locate the correct address through a

search and must forward the Notice of Class Action Settlement to the address

obtained from the search.

27.     Defendant must pay all costs of providing notice, and Defendant has no

right to recoup those costs, even if this Amended Settlement Agreement is not

granted final approval or if final approval is reversed on appeal.

### Right of Members of the Settlement Class to Opt Out

28.     Any member of the Settlement Class may exclude himself or herself

from the Settlement Class by mailing to the Notice and Settlement Administrator a

written request for exclusion that is postmarked no later than 30 days after the

date that the Notice of Class Action Settlement has been first mailed.  No later than

10 days after the date for a member of the Settlement Class to exclude himself or

herself from the Settlement Class has expired, Class Counsel must file with the

Court a list of those persons who have timely chosen to exclude themselves.

### Right of Members of the Settlement Class to Object

29.     Any member of the Settlement Class may object to the Amended

Settlement Agreement by filing with the Court and serving on Class Counsel and

counsel for Defendant written objections postmarked no later than 30 days after the

date that the Notice of Class Action Settlement has been mailed, and must include

a written statement setting forth all of the bases for the objection, accompanied by

any evidence that the member of the Settlement Class intends to offer in support of

any objection.  Members of the Settlement Class who wish to appear in person or by

counsel at the Final Approval Hearing must file with the Court and serve on Class

Counsel and counsel for Defendant at least 15 days before the Final Approval

Hearing a notice of their intent to appear.

**Right of Defendant to Withdraw from the Amended Settlement Agreement
Based on the Number of Settlement Class Members Who Opt Out**

30.    Defendant may withdraw its agreement to settle if the number of

members of the Settlement Class opting out of the settlement reaches or exceeds 5%

of the total number of members of the Settlement Class.  Defendant may exercise

this right only by sending written notice to Class Counsel that it is withdrawing

from its agreement to settle within 20 days after the deadline for members of the

Settlement Class to opt out of the Settlement Class.

**Final Approval of the Amended Settlement Agreement by the Court**

31.    At the Final Approval Hearing, the Class Representatives and

Defendant must jointly move the Court to enter the Final Approval Order.

**BENEFIT TO CLASS MEMBERS**

**Cash Settlement Fund**

32.    Defendant must pay a combined total of $5,718,825 into a Settlement

Fund.  No later than three business days after the Court enters its Order

preliminarily approving this settlement, Defendant must pay this $5,718,825 to the

Notice and Settlement Administrator to be held by the Notice and Settlement

Administrator in a non-interest bearing account for the benefit of the Class

Members and to provide for the payments set forth in this Amended Settlement

Agreement, subject to Court approval. Class Counsel will be solely responsible,

subject to Court approval, for making or directing any distributions from this

Settlement Fund. Notwithstanding the foregoing, if this Settlement fails to become

final either because (a) the failure of the Court to enter the Final Approval Order;

(b) reversal of the Final Approval Order on final appeal or on remand; or (c)

withdrawal from this Agreement by Defendant as provided in Paragraph 30, then

the Settlement Fund must be returned to the Defendant within 10 business days.

### Formula for Distribution to Class Members

33.     Class Members' distributions from the Net Settlement Fund will be

determined on a pro rata basis, based on the Disputed Premium Amount paid by

the Class Member. The following formula will determine each Class Member's

distribution:

$$Class\ Member's\ Pro\ Rata\ \% = \frac{Disputed\ Premium\ Amount\ Paid\ by\ That\ Class\ Member}{Total\ of\ Disputed\ Premium\ Amounts\ Paid\ by\ All\ Class\ Members}$$

$$Class\ Member's\ Distribution = Class\ Member's\ Pro\ Rata\ \% \times Net\ Settlement\ Fund$$

### Direct Distribution to Class Members—No Claims Process

34.     Within a reasonable time after the Effective Date, Class Counsel must

cause the Notice and Settlement Administrator to distribute to each Class Member

the Class Member's Distribution from the Net Settlement Fund, as calculated from

the formula in Paragraph 33, by check mailed directly to the Class Member's last-known address.

## Disposition of Unclaimed Funds

35.     For any unclaimed amounts remaining in the Net Settlement Fund after the first distribution (in other words, any checks that remain uncashed more than 120 after they were mailed to Class Members), Class Counsel will move the Court to distribute the funds, which may include a second distribution to Class Members or a *cy pres* award. In no event shall any unclaimed amounts remaining in the Net Settlement Fund after distribution revert to Defendant.

## RELEASES AND TERMINATION OF LAWSUIT

36.     Each Class Member releases all claims of any kind or nature that have been or could have been asserted against Sentry Insurance a Mutual Company and all of its current and former parents, subsidiaries, affiliates, officers, directors, stockholders, employees, administrators, assigns, agents, attorneys, and representatives relating to the non-renewal of an auto insurance policy with Sentry with a Payback Agreement endorsement or the payback amount due on any such non-renewed policy. On the Effective Date, this Lawsuit will be terminated by operation of the Final Approval Order.

37.     Defendant releases all claims of any kind or nature that have been or could have been asserted against the Class Representatives, any Class Member, or Class Counsel relating to the non-renewal of an auto insurance policy with Sentry with a Payback Agreement endorsement or the payback amount due on any such

non-renewed policy, or the filing or prosecution of the Lawsuit relating to such claims.

## NO ADMISSION OF LIABILITY

38.     Defendant is entering into this Amended Settlement Agreement and agreeing to the form and content of the related documents solely to compromise and settle the claims brought in the Lawsuit and to avoid the expense and uncertainty of continued litigation in the Lawsuit. Neither this Amended Settlement Agreement nor any of the related documents should be construed as an admission of liability or any type of wrongdoing or misconduct, and Defendant expressly denies any wrongdoing, misconduct, or liability in the Lawsuit.

## ATTORNEYS' FEES & EXPENSES, COSTS OF NOTICE & ADMINISTRATION, AND CLASS REPRESENTATIVE FEE

### Attorneys' Fees & Expenses

39.     Defendant will take no position on any request by Class Counsel to the Court to be paid attorneys' fees and expenses from the Settlement Fund. Any fees, costs, or expenses approved by the Court must be awarded and payable out of the Settlement Fund alone.

### Class Representative Fee

40.     Defendant will take no position on any request for the Class Representatives to be paid a Class Representative fee from the Settlement Fund. Any Class Representative fee must be approved by the Court and must be awarded and payable out of the Settlement Fund alone.

## MISCELLANEOUS

### Agreement to Effectuate This Settlement

41.     The Class Representatives, Class Counsel, Defendant, and Defendant's counsel agree to undertake their best efforts to effectuate this Amended Settlement Agreement, including: (i) all steps that may be appropriate or necessary to secure the Court's preliminary and final approvals and entry of the Preliminary Approval Order and the Final Approval Order; and (ii) all steps that may be appropriate or necessary to oppose any challenges to or appeals from the Court's orders approving the Amended Settlement Agreement.

### Reservation of Rights If This Amended Settlement Agreement Is Not Approved or Becomes Void

42.     If this Amended Settlement Agreement is not approved by the Court or if it becomes void, then: (i) the stipulation in Paragraph 22 of this Amended Settlement Agreement shall become void and have no legal effect; (ii) no act, statement, or filing in furtherance of this Amended Settlement Agreement may be used to support or oppose the certification of any class in the Lawsuit; (iii) all the parties to this Amended Settlement Agreement shall be returned to the same position in the Lawsuit that they were in on the day before the Execution Date; and (iv) Defendant shall be entitled to object to certification of any class in this Lawsuit.

### Integration Clause

43.     This Amended Settlement Agreement, and all exhibits to it, constitute the entire agreement between the parties and can be modified only in writing.  This Amended Settlement Agreement, and all exhibits to it, constitute the entire

agreement between the parties, and supersede any prior understandings, agreements, or representations by or between the parties, written or oral, to the extent they relate in any way to the subject matter of this Amended Settlement Agreement, and this Amended Settlement Agreement expressly supersedes and replaces the Class Action Settlement Agreement with Sentry Insurance a Mutual Company that was filed with the Court on May 26, 2016, at Document number 38-1 on the Court's docket. The Amended Settlement Agreement is an integrated agreement, and no promise, inducement, or agreement separate from this Amended Settlement Agreement has been made to the parties. The terms of this Amended Settlement Agreement, and all exhibits to it, are binding upon and inure to the benefit of each of the parties and their respective successors, heirs, and assigns.

## Execution in Counterparts

44.     This Amended Settlement Agreement may be executed in counterparts, and each counterpart, when executed, shall be deemed to be an original.

## No Construction Against the Drafter

45.     Each party has participated in negotiating and drafting this agreement through counsel, so if an ambiguity or question of intent or interpretation arises, this Agreement is to be construed as if the parties had drafted it jointly, as opposed to being construed against a party.

## Choice of Law, Forum, and Stipulation to Jurisdiction

46.     This Amended Settlement Agreement, and all exhibits to it, shall be governed by the laws of the State of Illinois, and the parties to this Amended

Settlement Agreement stipulate that the Court has personal jurisdiction over them for purposes of administering, interpreting, and enforcing this Amended Settlement Agreement.  All proceedings relating to the administration, interpretation, and enforcement of this Amended Settlement Agreement and related documents must be brought in the Court.

[This space intentionally left blank.]

SIGNATURES

| | |
|---|---|
| SENTRY INSURANCE A MUTUAL COMPANY<br><br>By: _____<br>Tom Wivlein<br>Its: Associate Counsel<br><br>Dated: June 6, 2016 | WILLIAM A. COLEMAN<br><br>_____<br>William A. Coleman<br><br>Dated: June 6, 2016 |
| COUNSEL FOR SENTRY INSURANCE A MUTUAL COMPANY<br><br>By: _____<br>W. Jason Rankin<br>Jason D. Johnson<br>HEPLERBROOM LLC<br><br>Dated: June 6, 2016 | MARY A. COLEMAN<br><br>_____<br>Mary A. Coleman<br><br>Dated: June 6, 2016 |
| ALAN LEMKE & KAREN LEMKE<br><br>_____<br>Alan Lemke<br>Karen Lemke<br><br>Dated: June 06, 2016 | COUNSEL FOR THE CLASS REPRESENTATIVES & THE SETTLEMENT CLASS<br><br>By: _____<br>Richard E. Shevitz<br>Vess A. Miller<br>Lynn A. Toops<br>COHEN & MALAD, LLP<br><br>Christopher A. Koester<br>TAYLOR LAW OFFICES, P.C.<br><br>Dated: June 6, 2016 |

# Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. COLEMAN, MARY A. COLEMAN**, **ALAN LEMKE,** and **KAREN LEMKE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**SENTRY INSURANCE A MUTUAL COMPANY**,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 3:15-cv-01411-SMY-SCW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FINAL APPROVAL ORDER

WHEREAS, Plaintiffs William A. Coleman, Mary A. Coleman, Alan Lemke, and Karen Lemke, and Defendant Sentry Insurance a Mutual Company, by their respective counsel, entered into the Amended Class Action Settlement Agreement ("Settlement"); and

WHEREAS, the Plaintiffs and Defendant applied pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice and distribution as set forth in the Settlement;

WHEREAS, this Court previously certified the following class (the "Class"): All persons listed on the Class Member List, which is made up of all persons in the States of Arkansas, Colorado, Georgia, Illinois, Iowa,  Minnesota, Missouri, Nebraska, Ohio, Tennessee, and Wisconsin who had an auto insurance policy with

Sentry Insurance a Mutual Company ("Sentry") with a Payback Agreement endorsement for the years 2010 through 2014, inclusive, and all persons in the States of Connecticut and Kentucky who had an auto insurance policy with Sentry with a Payback Agreement endorsement for the years 2010 to 2013, inclusive, and who: (1) were sent a letter informing them that the policy had been non-renewed as part of Sentry's nonrenewal of standard consumer policies in their State; and (2) had no claims or losses under the policy in the year preceding the non-renewal. Excluded from the class are any persons who previously released any claim to recover any "payback" amount owed to them.

WHEREAS, on _____, 2016, the Court entered an order preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, directing that appropriate notice of the Settlement be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Amended Settlement Agreement and the Preliminary Approval Order: (1) Class Counsel caused the Notice of Class Action Settlement to be mailed by United States First Class Mail to all known members of the Class; and (2) the affidavit of notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the mailed notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, Class Counsel filed with the Court a listing of the names of the Class Members and the names of those persons who submitted valid requests for exclusion from the Class;

WHEREAS, on _____, 2016, at _____, this Court held a hearing on whether the Settlement is fair, reasonable, adequate and in the best interests of the Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Counsel for Defendant, and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records and proceedings in the Lawsuit, the benefits to the Class under the Settlement and the risks, complexity, expense and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiffs and Defendant in this case (the "Parties").

3.      The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4.      The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Class in connection with the Settlement.

3

5.      The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and Defendant and its counsel, and the Class and Defendant were represented by capable and experienced counsel.

6.      The form, content, and method of dissemination of the notice given to members of the Class—individual mailed notice—were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and Due Process.

7.      The Amended Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class, and is approved in all respects.  The Court hereby directs the Plaintiffs, the Class, Class Counsel, Defendant, and Defendant's counsel to effectuate the Settlement according to its terms.

8.      The Amended Settlement Agreement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Amended Settlement Agreement, and Class Counsel is authorized to implement that distribution after deductions for fees as approved by the Court.

9.      The Court shall have continuing jurisdiction over the Settlement Fund.

10.     Upon the occurrence of the Effective Date of the Settlement, all Class Members release all claims of any kind or nature that have been or could have been asserted against Sentry Insurance a Mutual Company and all of its current and former parents, subsidiaries, affiliates, officers, directors, stockholders, employees, administrators, assigns, agents, attorneys, and representatives relating to the non-

4

renewal of an auto insurance policy with Sentry with a Payback Agreement endorsement or the payback amount due on any such non-renewed policy. Upon the occurrence of the Effective Date of the Settlement, the Defendant releases all claims of any kind or nature that have been or could have been asserted against the Class Representatives, any Class Member, or Class Counsel relating to the non-renewal of an auto insurance policy with Sentry with a Payback Agreement endorsement or the payback amount due on any such non-renewed policy, or the filing or prosecution of the Lawsuit relating to such claims.

11.     The above-captioned Lawsuit is hereby dismissed without assessment of costs or attorneys' fees against any party.

12.     This Order is a final judgment because it disposes of all claims against all parties to this Lawsuit. The Court retains jurisdiction over the Amended Settlement Agreement, the parties to the Amended Settlement Agreement, and all matters relating to the administration and enforcement of the Amended Settlement Agreement.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: _____                    _____
                                          Hon. Staci M. Yandle
                                          Judge, United States District Court
                                          Southern District of Illinois


Distribution:
Service of this Order will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

# If your Payback® auto insurance policy was non-renewed by Sentry Insurance a Mutual Company, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement provides $5,718,825 (the "Settlement Fund") to settle claims relating to the non-renewal of Payback® auto insurance policies offered by Sentry Insurance a Mutual Company.

- Class Members who do nothing will automatically receive a check from the Net Settlement Fund based on a percentage of the amount of disputed premiums paid. You are a Class Member if this notice was addressed to you.

- Your legal rights are affected, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | **Automatically receive a settlement check once the settlement is finally approved.** Give up the right to bring a separate lawsuit about the same issue. |
| **EXCLUDE YOURSELF** | Get no benefits from the settlement. Keep the right to bring a separate lawsuit about the same issue at your own expense. |
| **OBJECT** | Write to the Court about why you don't like the settlement. If the settlement is approved you will still automatically receive a settlement check,and give up the right to bring a separate lawsuit about the same issue. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   PAGE 3
    1.   Why did I get this notice?
    2.   What is the lawsuit about?
    3.   Why is this a class action?
    4.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   PAGE 4
    5.   How do I know if I am part of the settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ... . . . . . . . . . . . . . .   PAGE 4
    6.  What does the settlement provide?
    7.  What can I get from the settlement?
    8.  What do I need to do to receive a payment from
       the settlement?
    9.  When would I get my payment?
   10. What am I giving up to get a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** . . . . . . . . . . . . . .   PAGE 5
   11. How do I get out of the settlement?
   12. If I don't exclude myself, can I sue later for the same thing?
   13. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . .   PAGE 6
   14. Do I have a lawyer in this case?
   15. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . .   PAGE 6
   16. How do I tell the Court that I don't like the settlement?
   17. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** . . . . . . . . . . . . . . . . . . . . . . . . .   PAGE 7
   18. When and where will the Court decide whether to approve
       the settlement?
   19. Do I have to come to the hearing?
   20. May I speak at the hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   PAGE 8
   21. What happens if I do nothing at all?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . .   PAGE 8
   22. Are there more details about the settlement?

# BASIC INFORMATION

| 1. Why did I get this notice? |
|---|

The records of Sentry Insurance a Mutual Company ("Sentry") show that you had a Payback® auto insurance policy with Sentry that was recently non-renewed and that you had no claims or losses under the policy in the year before the non-renewal. Because of this, you are a Class Member, and you may be affected by a class action settlement.

The Court sent you this notice because you have a right to know about the proposed class action settlement, and about your options, before the Court decides whether to approve the settlement. If you do nothing and the Court approves the settlement, and after any appeals are resolved, the settlement administrator will send you the payment provided for in the settlement, and your claims will be released.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, and how those benefits will be calculated.

The Court in charge of the case is the United States District Court for the Southern District of Illinois, and the case is known as *Coleman v. Sentry Insurance a Mutual Company*, Case No. 3:15-cv-01411-SMY-SCW. The persons who sued are called the Plaintiffs, and the company they sued, Sentry, is called the Defendant.

| 2. What is the lawsuit about? |
|---|

The lawsuit claims that Sentry improperly non-renewed insureds with Payback® policies and that Sentry erred when it made the final Payback® refund to certain insureds. Sentry denies that it did anything wrong. Sentry claims that it was legally allowed to non-renew the policies and that it calculated the final payment correctly.

| 3. Why is this a class action? |
|---|

In a class action lawsuit, one or more people called "Class Representatives" (in this case William A. Coleman, Mary A. Coleman, and Alan Lemke) sue on behalf of themselves and other people who have similar claims. All of these people are called a Class or Class Members. This is a class action because the Court has decided it meets the legal requirements to be a class action. Because the case is a class action, one court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

**4.   Why is there a settlement?**

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial and the risks of either side losing, and they ensure that the people affected by the lawsuit receive compensation. The parties think that the settlement is best for everyone involved under the circumstances. The Court will evaluate the settlement to determine whether it is fair, reasonable, and adequate before it approves the settlement.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

**5.   How do I know if I am part of the settlement?**

If this notice is addressed to you then you are a Class Member, you will be a part of the settlement, and you will receive the benefits of the settlement, unless you exclude yourself. If you are not sure whether you have been properly included, you can call the number at the bottom of this notice to check.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

**6.   What does the settlement provide?**

The Defendant has agreed to pay $5,718,825 to settle this case. The Defendant has also agreed to pay for the costs of this notice and for the costs of distributing the settlement benefits, so that those expenses do not reduce the amounts available to pay to Class Members

**7.   What can I get from the settlement?**

After deducting the attorneys' fees and incentive fees to the Class Representatives approved by the Court, there will be a Net Settlement Fund available for distribution to Class Members. Each Class Member will be paid from this fund on a pro rata basis, based on the amount of qualifying premium paid by the Class Member. For example, a Class Member who paid $1,000 in qualifying premiums will receive a check for twice as much as a Class Member who paid $500 in qualifying premiums.

The actual amount of any Class Member's check will be determined based on the following formula:

$$Class\ Member's\ Pro\ Rata\ \% = \frac{Disputed\ Premium\ Amount\ Paid\ by\ That\ Class\ Member}{Total\ of\ Disputed\ Premium\ Amounts\ Paid\ by\ All\ Class\ Members}$$

$$Class\ Member's\ Distribution = Class\ Member's\ Pro\ Rata\ \% \times Net\ Settlement\ Fund$$

## 8.   What do I need to do to receive a payment from the settlement?

You do not need to do anything to receive a payment from the settlement. As long as you do not exclude yourself, you will receive a settlement payment if the settlement is approved and becomes final. If your address changes, however, please call the number at the bottom of this notice to report the address change so that your payment reaches you.

## 9.   When would I get my payment?

The Court will hold a hearing on **[DATE]** to decide whether to approve the settlement. If the Court approves the settlement, there may be a period when appeals can be filed. Once any appeals are resolved or if no appeals are filed, it will be possible to distribute the funds. This may take several months and perhaps more than a year.

## 10.   What am I giving up to get a payment?

Unless you exclude yourself, you are staying in the Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Sentry relating to the legal claims in *this* case. It also means that all of the Court's orders will apply to you. Once the settlement is final your claims relating to *this* case will be released.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendant on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

## 11.   How do I get out of the settlement?

To exclude yourself from this settlement, you must send a letter by mail saying that you want to opt-out or be excluded from *Coleman v. Sentry Insurance a Mutual Company*. The letter must include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **[DATE]** to:

Coleman v. Sentry Exclusions
**[Notice Vendor Address 1]**
**[Notice Vendor Address 2]**
**[City], [State] [ZIP]**.

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Defendant in the future.

| 12. | If I don't exclude myself, can I sue later for the same thing? |
|---|---|

No. Unless you exclude yourself, you give up the right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that suit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember that the exclusion deadline is **[DATE]**.

| 13. | If I exclude myself, can I get money from this settlement? |
|---|---|

No. If you exclude yourself, you are not eligible for any money from this settlement.

# THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court appointed the law firm of Cohen & Malad, LLP, to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for attorneys' fees and expenses of up to 33 1/3% of the Settlement Fund, and a payment of $3,000 to each of the Class Representatives, to be paid from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

---

## 16.   How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You must state the reasons for your objection and include any evidence, briefs, motions or other materials you intend to offer in support of the objection. The Court will consider your views. To object, you must send a letter saying that you object to *Coleman v. Sentry Insurance a Mutual Company*, Case No. 3:15-cv-01411-SMY-SCW. You must include your name, address, telephone number, your signature, and the reasons you object to the settlement. You must mail the objection to three different places postmarked no later than **[DATE]**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Southern District of Illinois 301 West Main Street Benton, IL 62812 | Richard Shevitz Vess Miller Cohen & Malad, LLP One Indiana Square, Suite 1400 Indianapolis, IN 46204 | W. Jason Rankin Jason D. Johnson HeplerBroom, LLP 130 North Main Street Edwardsville, IL 62025 |

## 17.   What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because this case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

## 18.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at **[TIME]** on **[DATE]** at the United States District Court for the Southern District of Illinois, 301 West Main Street, Benton, IL 62812. At this hearing, the court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing and complied with question 20 of this notice. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 19.   Do I have to come to the hearing?

No. You are welcome to come at your own expense if you wish, but Class Counsel will answer questions the Court may have. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 20.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Coleman v. Sentry Insurance a Mutual Company*, No. 3:15-cv-01411-SMY-SCW." You must include your name, address, telephone number, your signature, and any evidence you intend to use at the hearing. Your Notice of Intention must be postmarked no later than **[DATE]**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the three addresses listed under question 16 of this notice. If you hire a lawyer to speak for you, he or she must also comply with the requirements of this paragraph.

# IF YOU DO NOTHING

## 21.   What happens if I do nothing at all?

If you do nothing, you will be a part of this settlement, and you will receive the payments provided by the settlement once it becomes final. In exchange for the payment, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant relating to the claims brought in this case.

# GETTING MORE INFORMATION

## 22.   Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement on file with the Court. You can also call toll free 1-855-634-2459, and Class Counsel will answer any questions you have. Be sure to state that you are calling about the *Coleman v. Sentry Insurance a Mutual Company* settlement.

# Exhibit C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. COLEMAN, MARY A. COLEMAN**, **ALAN LEMKE,** and **KAREN LEMKE** on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Civil No. 3:15-cv-01411-SMY-SCW ) |
| v. | ) ) |
| **SENTRY INSURANCE A MUTUAL COMPANY**, | ) ) ) |
| Defendant. | ) ) |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE, AND SETTING DATE FOR FAIRNESS HEARING

Plaintiffs, William A. Coleman, Mary A. Coleman, Alan Lemke, and Karen Lemke, and Defendant Sentry Insurance a Mutual Company, by their respective counsel, have submitted an Amended Class Action Settlement Agreement and have applied under Rule 23 of the Federal Rules of Civil Procedure for an order: (1) preliminarily approving the terms and conditions set forth in the Amended Settlement Agreement, (2) certifying a class for purposes of providing notice to the Class, (3) approving the form and method of notice to the Class, and (4) scheduling a fairness hearing to consider final approval of the Amended Settlement Agreement. The Court has given due consideration to the terms of the Settlement, the exhibits to the Settlement, the submissions in support of preliminary approval of the Settlement, and the record of proceedings, and now finds that the proposed

Settlement should be preliminarily approved pending notice to Class Members and a final hearing on whether the Settlement is fair, reasonable and adequate to the Class.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.     Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Amended Settlement Agreement between Plaintiffs and Defendant.

2.     This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiffs and Defendant in the above-captioned case (the "Parties").

3.     The Court finds that for the purposes of settlement and notice the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been met, specifically:

   a.  The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

   b.  There are questions of law or fact common to the class based upon the claims raised in the Lawsuit;

   c.  The Plaintiffs' claims are typical of the claims of the class;

   d.  The Plaintiffs and Class Counsel will fairly and adequately protect the interests of the class;

   e.  Questions of law and fact common to the class members predominate over any questions affecting only individual members,

2

and a class action is superior to other available methods for fairly and efficiently adjudicating this Lawsuit.

The Court therefore **CERTIFIES** the following Plaintiff Class: All persons listed on the Class Member List, which is made up of all persons in the States of Arkansas, Colorado, Georgia, Illinois, Iowa, Minnesota, Missouri, Nebraska, Ohio, Tennessee, and Wisconsin who had an auto insurance policy with Sentry Insurance a Mutual Company ("Sentry") with a Payback Agreement endorsement for the years 2010 through 2014, inclusive, and all persons in the States of Connecticut and Kentucky who had an auto insurance policy with Sentry with a Payback Agreement endorsement for the years 2010 to 2013, inclusive, and who: (1) were sent a letter informing them that the policy had been non-renewed as part of Sentry's nonrenewal of standard consumer policies in their State; and (2) had no claims or losses under the policy in the year preceding the non-renewal. Excluded from the class are any persons who previously released any claim to recover any "payback" amount owed to them.

4.     The Court finds that the terms of the Amended Settlement Agreement are within the range of a fair, reasonable, and adequate settlement between the Class and Defendant under the circumstances of this case.  The Court therefore preliminarily approves the Settlement and directs the parties to the Settlement to perform and satisfy the terms and conditions of the Amended Settlement Agreement that are triggered by such preliminary approval.

5.     The proposed Notice of Class Action Settlement in the form attached to the Amended Settlement Agreement as Exhibit "B", and the manner of distribution of such Notice by direct mail, are hereby approved by this Court as the best notice practicable to the Class.  The form and manner of notice proposed in the Settlement comply with Rules 23(c) and (e) and the requirements of Due Process.

6.     Pursuant to Rule 23(e), a final fairness hearing (the "Fairness Hearing") shall be held before the undersigned at _____ o'clock, on _____, at the United States Courthouse, 301 West Main Street, Benton, IL 62812 for the purpose of: (a)  determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether a Final Approval Order should be entered; and (c) considering Class Counsel's application for an award of attorneys' fees pursuant to Rule 23(h). The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Class, and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Class.

7.     Class Counsel shall mail or cause to be mailed to each Class Member no later than thirty (30) days from the date of this Order, a copy of the mailed Notice in the form attached to the Amended Settlement Agreement as Exhibit "B."

8.     Class Members shall be afforded an opportunity to request exclusion from the Class.  A request for exclusion from the Class must:  (i) state that the Class member wishes to "opt-out" or request "exclusion" from the Class; (ii) contain

4

the full name, current address, and telephone number of the person requesting exclusion; (iii) contain the title of the Lawsuit: "*Coleman v. Sentry Insurance a Mutual Company*;" (iv) be signed by the person requesting exclusion; and (v) be sent to the Notice and Settlement Administrator by U.S. mail with a postmark on or before thirty (30) days after the date that mailed notice is first issued (the "Exclusion Deadline"). Members of the Class who submit a timely and valid request for exclusion from the Class shall not participate in and shall not be bound by the Settlement.  Members of the Class who do not timely and validly opt out of the Class in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

9.     Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement.  Any objection must: (i) contain the full name and current address of the person objecting; (ii) contain the title of the Lawsuit:  "*Coleman v. Sentry Insurance a Mutual Company*" with the case number (iii) state the reasons for the Class member's objection; (iv) be accompanied by any evidence, briefs, motions or other materials the Class member intends to offer in support of the objection; (v) be signed by the Class member; and (vi) be sent by U.S. mail, first class and postage prepaid, with a postmark no later than thirty (30) days after the date that mailed Notice is first issued (the "Objection Deadline") to the Clerk of the Court, Class Counsel, and Counsel for Defendant.  If the Class Member or his or her Counsel wishes to speak at the Fairness Hearing, he or she must file

with the Court and serve on Class Counsel and Counsel for the Defendant a Notice of Intention to Appear no later than fifteen (15) days before the Fairness Hearing.

10.    Any member of the Settlement Class who does not make his or her objection known in the manner provided in the Settlement and Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement.

11.    Any request for intervention in this action for purposes of commenting on or objecting to the Settlement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

12.    Any lawyer intending to appear at the Fairness Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before the United States District Court for the Southern District of Illinois, and must file a written appearance.  Copies of the appearance must be served on Class Counsel and counsel for Defendant in accordance with the Federal Rules of Civil Procedure.

13.    Not more than ten (10) days after the Exclusion Deadline, Class Counsel shall file a Notice of Settlement Exclusions, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement.

14.     Defendants have agreed to pay a collective total of $5,718,825 as the Settlement Fund, which will be paid within three business days of this Order, to the Notice and Settlement Administrator as set forth in the Amended Settlement Agreement to be held for the benefit of the Settlement Class and subject to further Court order.

15.     No fewer than ten (10) days prior to the Fairness Hearing, Class Counsel shall file a motion for approval of the attorneys' fees to be paid from the Settlement Fund, along with any supporting materials.

16.     If the Settlement does not become effective or is rescinded pursuant to the Amended Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Plaintiffs and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

17.     The Court may adjourn the date and/or time of the Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Dated: _____

_____
Hon. Staci M. Yandle
Judge, United States District Court
Southern District of Illinois

Distribution:
Service of this Order will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

7