UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. COLEMAN, MARY A. COLEMAN, ALAN LEMKE, and KAREN LEMKE on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil No. 3:15-cv-01411-SMY-SCW<br>)<br>) |
| SENTRY INSURANCE A MUTUAL COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE, AND SETTING DATE FOR FAIRNESS HEARING**

Before the Court is Plaintiffs' Unopposed Amended Motion for Preliminary Approval of Class Action Settlement (Doc. 40). Plaintiffs, William A. Coleman, Mary A. Coleman, Alan Lemke, and Karen Lemke, and Defendant Sentry Insurance a Mutual Company, by their respective counsel, have submitted an Amended Class Action Settlement Agreement and have applied under Rule 23 of the Federal Rules of Civil Procedure for an order: (1) preliminarily approving the terms and conditions set forth in the Amended Settlement Agreement; (2) certifying a class for purposes of providing notice to the Class; (3) approving the form and method of notice to the Class; and (4) scheduling a fairness hearing to consider final approval of the Amended Settlement Agreement. The Court has given due consideration to the terms of the Amended Settlement Agreement, the exhibits to the Amended Settlement Agreement, the submissions in support of preliminary approval of the settlement, and the record of proceedings, and now finds that the proposed settlement should be preliminarily approved pending notice to

Class Members and a final hearing on whether the settlement is fair, reasonable and adequate to the Class.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Amended Settlement Agreement between Plaintiffs and Defendant.

2. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiffs and Defendant in the above-captioned case (the "Parties").

3. The Court finds that for the purposes of settlement and notice, the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been met, specifically:

   a. The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

   b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit;

   c. The plaintiffs' claims are typical of the claims of the class;

   d. The plaintiffs and Class Counsel will fairly and adequately protect the interests of the class; and

   e. Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

The Court therefore **CERTIFIES** the following Plaintiff Class: All persons listed on the Class Member List, which is made up of all persons in the States of Arkansas, Colorado, Georgia, Illinois, Iowa, Minnesota, Missouri, Nebraska, Ohio, Tennessee and Wisconsin, who had an auto insurance policy with Sentry Insurance a Mutual Company ("Sentry") with a Payback Agreement

endorsement for the years 2010 through 2014, inclusive, and all persons in the States of Connecticut and Kentucky who had an auto insurance policy with Sentry with a Payback Agreement endorsement for the years 2010 to 2013, inclusive, and who: (1) were sent a letter informing them that the policy had been non-renewed as part of Sentry's nonrenewal of standard consumer policies in their State; and (2) had no claims or losses under the policy in the year preceding the non-renewal. Excluded from the class are any persons who previously released any claim to recover any "payback" amount owed to them.

4. The Court finds that the terms of the Amended Settlement Agreement are within the range of a fair, reasonable, and adequate settlement between the Class and Defendant under the circumstances of this case. The Court therefore preliminarily approves the settlement and directs the parties to the settlement to perform and satisfy the terms and conditions of the Amended Settlement Agreement that are triggered by such preliminary approval.

5. The proposed Notice of Class Action Settlement in the form attached to the Amended Settlement Agreement as Exhibit "B" and the manner of distribution of such Notice by direct mail are hereby approved by this Court as the best notice practicable to the Class. The form and manner of notice proposed in the Settlement comply with Rules 23(c) and (e) and the requirements of Due Process.

6. Pursuant to Rule 23(e), a final fairness hearing (the "Fairness Hearing") shall be held before the undersigned at 9:30 a.m. on October 27, 2016, at the United States Courthouse, 301 West Main Street, Benton, IL 62812 for the purpose of: (a) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether a Final Approval Order should be entered; and (c) considering Class Counsel's application for an award of attorneys' fees pursuant to Rule 23(h). The Court may adjourn,

continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Class (other than those members who have properly filed objections as set forth in paragraph 9 below) and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Class.

    7.    Class Counsel shall mail or cause to be mailed to each Class Member no later than thirty (30) days from the date of this Order, a copy of the mailed Notice in the form attached to the Amended Settlement Agreement as Exhibit "B."

    8.    Class Members shall be afforded an opportunity to request exclusion from the Class. A request for exclusion from the Class must: (i) state that the Class member wishes to "opt-out" or request "exclusion" from the Class; (ii) contain the full name, current address, and telephone number of the person requesting exclusion; (iii) contain the title of the Lawsuit: "*Coleman v. Sentry Insurance a Mutual Company*;" (iv) be signed by the person requesting exclusion; and (v) be sent to the Notice and Settlement Administrator by U.S. mail with a postmark on or before thirty (30) days after the date that mailed notice is first issued (the "Exclusion Deadline"). Members of the Class who submit a timely and valid request for exclusion from the Class shall not participate in and shall not be bound by the Settlement. Members of the Class who do not timely and validly opt out of the Class in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

    9.    Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement. Any objection must: (i) contain the full name and current address of the person objecting; (ii) contain the title of the Lawsuit: "*Coleman v. Sentry Insurance a Mutual Company*" with the case number (iii) state the reasons for the Class

member's objection; (iv) be accompanied by any evidence, briefs, motions or other materials the Class member intends to offer in support of the objection; (v) be signed by the Class member; and (vi) be sent by U.S. mail, first class and postage prepaid, with a postmark no later than thirty (30) days after the date that mailed Notice is first issued (the "Objection Deadline") to the Clerk of the Court, Class Counsel, and Counsel for Defendant.  If the Class Member or his or her Counsel wishes to speak at the Fairness Hearing, he or she must file with the Court and serve on Class Counsel and Counsel for the Defendant a Notice of Intention to Appear no later than fifteen (15) days before the Fairness Hearing.

10. Any member of the Settlement Class who does not make his or her objection known in the manner provided in the Settlement and Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement.

11. Any request for intervention in this action for purposes of commenting on or objecting to the Settlement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

12. Any lawyer intending to appear at the Fairness Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before the United States District Court for the Southern District of Illinois, and must file a written appearance.  Copies of the appearance must be served on Class Counsel and counsel for Defendant in accordance with the Federal Rules of Civil Procedure.

13. Not more than ten (10) days after the Exclusion Deadline, Class Counsel shall file a Notice of Settlement Exclusions, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement.

14. Defendants have agreed to pay a collective total of $5,718,825 as the Settlement Fund, which will be paid within three business days of this Order, to the Notice and Settlement Administrator as set forth in the Amended Settlement Agreement to be held for the benefit of the Settlement Class and subject to further Court order.

15. No fewer than ten (10) days prior to the Fairness Hearing, Class Counsel shall file a motion for approval of the attorneys' fees to be paid from the Settlement Fund, along with any supporting materials.

16. If the Settlement does not become effective or is rescinded pursuant to the Amended Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Plaintiffs and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

**IT IS SO ORDERED.**

Dated: June 29, 2016                              /s/  *Staci M. Yandle*
                                                               **STACI M.YANDLE**
                                                               **DISTRICT JUDGE**