IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. COLEMAN, MARY A. COLEMAN, ALAN LEMKE, and KAREN LEMKE, on Behalf of Themselves and all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SENTRY INSURANCE A MUTUAL COMPANY,<br><br>    Defendant. | Case No. 15-CV-1411-SMY-SCW |

## FINAL APPROVAL ORDER

Pending before the Court is Plaintiff's Motion for Final Approval of Amended Class Action Settlement (Doc. 53). The Court conducted a Rule 23 final fairness hearing on October 27, 2016. For the reasons stated herein and those stated on the record, the Court **GRANTS** the motion as follows:

WHEREAS, Plaintiffs William A. Coleman, Mary A. Coleman, Alan Lemke, and Karen Lemke, and Defendant Sentry Insurance a Mutual Company, by their respective counsel, entered into the Amended Class Action Settlement Agreement ("Settlement"); and

WHEREAS, the Plaintiffs and Defendant applied pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice and distribution as set forth in the Settlement;

WHEREAS, this Court previously certified the following class (the "Class"): All persons listed on the Class Member List, which is made up of all persons in the States of Arkansas,

Colorado, Georgia, Illinois, Iowa, Minnesota, Missouri, Nebraska, Ohio, Tennessee, and Wisconsin who had an auto insurance policy with Sentry Insurance a Mutual Company ("Sentry") with a Payback Agreement endorsement for the years 2010 through 2014, inclusive, and all persons in the States of Connecticut and Kentucky who had an auto insurance policy with Sentry with a Payback Agreement endorsement for the years 2010 to 2013, inclusive, and who: (1) were sent a letter informing them that the policy had been non-renewed as part of Sentry's nonrenewal of standard consumer policies in their State; and (2) had no claims or losses under the policy in the year preceding the non-renewal. Excluded from the class are any persons who previously released any claim to recover any "payback" amount owed to them.

WHEREAS, on June 29, 2016, the Court entered an order preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, directing that appropriate notice of the Settlement be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order") (Doc. 46);

WHEREAS, in accordance with the Amended Settlement Agreement and the Preliminary Approval Order: (1) Class Counsel caused the Notice of Class Action Settlement to be mailed by United States First Class Mail to all known members of the Class; and (2) the affidavit of notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the mailed notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, Class Counsel filed with the Court a listing of the names of those persons who submitted valid requests for exclusion from the Class;

WHEREAS, on October 27, 2016, at 9:30 a.m., this Court held a hearing on whether the Settlement is fair, reasonable, adequate and in the best interests of the Class (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Counsel for Defendant, and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records and proceedings in the Lawsuit, the benefits to the Class under the Settlement and the risks, complexity, expense and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiffs and Defendant in this case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and Defendant and its counsel, and the Class and Defendant were represented by capable and experienced counsel.

6. The form, content, and method of dissemination of the notice given to members of the Class—individual mailed notice—were adequate and reasonable, constituted the best

notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and Due Process.

7. The Amended Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class, and is approved in all respects. The Court hereby directs the Plaintiffs, the Class, Class Counsel, Defendant, and Defendant's counsel to effectuate the Settlement according to its terms.

8. The Amended Settlement Agreement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Amended Settlement Agreement, and Class Counsel is authorized to implement that distribution after deductions for fees as approved by the Court.

9. The Court shall have continuing jurisdiction over the administration of the Settlement Fund.

10. Upon the occurrence of the Effective Date of the Settlement, all Class Members release all claims of any kind or nature that have been or could have been asserted against Sentry Insurance a Mutual Company and all of its current and former parents, subsidiaries, affiliates, officers, directors, stockholders, employees, administrators, assigns, agents, attorneys, and representatives relating to the non-renewal of an auto insurance policy with Sentry with a Payback Agreement endorsement or the payback amount due on any such non-renewed policy. Upon the occurrence of the Effective Date of the Settlement, the Defendant releases all claims of any kind or nature that have been or could have been asserted against the Class Representatives, any Class Member, or Class Counsel relating to the non-renewal of an auto insurance policy with Sentry with a Payback Agreement endorsement or the payback amount due on any such non-renewed policy, or the filing or prosecution of the Lawsuit relating to such claims.

11. The above-captioned Lawsuit is hereby dismissed without assessment of costs or attorneys' fees against any party.

12. This Order is a final judgment because it disposes of all claims against all parties to this Lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

**IT IS SO ORDERED.**

**DATED: October 27, 2016**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**