IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. COLEMAN, MARY A. COLEMAN, ALAN LEMKE, and KAREN LEMKE, on Behalf of Themselves and all Others Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>SENTRY INSURANCE A MUTUAL COMPANY,<br><br>        Defendant. | Case No. 15-CV-1411-SMY-SCW |

## ENTRY ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND CLASS REPRESENTATIVE INCENTIVE FEES

This matter is before the Court on Plaintiffs' Motion for Award of Attorneys' Fees and Class Representative Incentive Fees (Doc. 54), and the Court being duly advised, finds that the motion should be, and hereby is, **GRANTED**.

### BACKGROUND

This class action was originally filed in Madison County, Illinois in November 2015 (Notice of Removal, Doc. 1) before being removed to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The Amended Complaint alleges that the Defendant, Sentry Insurance a Mutual Company ("Sentry"), breached its auto insurance "Payback Agreement" with the Class of Plaintiffs, who were Sentry insureds (Doc. 43). Specifically, the Amended Complaint alleges that Sentry's "Payback Agreement" provided that an insured would receive at the end of each consecutive five-year claim-free period a refund of one-half of the premium paid for the first year of that period, and that the insured would continue to receive a one-half refund in each subsequent claim-free year thereafter. The Amended Complaint alleges that the Payback

Agreement also provided that Sentry would renew the policy as long as the insured resided in a state in which the policy was offered, met Sentry's eligibility requirements, and met Sentry's underwriting standards. *Id.* The Amended Complaint alleged that Sentry breached this agreement when it non-renewed all Payback Agreement policies. Sentry subsequently answered the complaint and denied all liability.

In the course of litigation, the parties agreed to engage in settlement negotiations at the suggestion of Magistrate Judge Stephen C. Williams (Doc. 28). After a full day of mediation on April 28, 2016, the parties had not reached a settlement but had made significant progress (Docs. 32, 33). Over the following days, the parties continued to negotiate until a final agreement was reached. *Id.* Thereafter, the Court granted the parties' joint motion to stay proceedings pending the finalization of comprehensive, formal settlement documents and the Court's consideration of final approval of the settlement (Doc. 48).

On June 6, 2016, the Plaintiffs filed an unopposed motion for preliminary approval of the class action settlement under Fed. R. Civ. P. 23(e) (Doc. 40) attaching the Amended Class Action Settlement Agreement with Sentry Insurance a Mutual Company (the "Settlement Agreement") (Doc. 40-1) for the Court's review. The terms of the Settlement Agreement provide for Sentry to pay $5,718,825 million in cash into a Settlement Fund for the benefit of the Class Members, which Sentry has done. In addition, Sentry will pay all costs of notice and distribution of the Settlement Fund to the 6,847 Class Members. *Id.* The Settlement calls for the Net Settlement Fund to be distributed to Class Members on a pro-rata basis, based on the amount of Disputed Premium paid by each Class Member. Checks will be mailed directly to Class Members without the need for any Class Member to complete a claim form or present any

additional evidence or information. The average check to a Class Member, after payment of all requested fees and expenses, will be approximately $555.

On June 29, 2016, the Court conducted a hearing on preliminary approval of the Settlement Agreement, and the Court then granted preliminary approval to the Settlement, finding that it was within the range of possible final approval (Doc. 46, ¶ 4). The Court certified the Plaintiff Class, approved the form of notice to the Class, set deadlines for Class Members to object to or opt out of the Settlement, and set a Fairness Hearing for October 26, 2016. *Id.*

Class Members' addresses were provided by Sentry and updated by the Notice and Settlement Administrator chosen by the parties, and the Court-approved notice was mailed to Class Members on July 29, 2016. (Declaration of Karen Rogan ("Rogan Decl.") at 2, 3 ¶¶ 4–5.) The Notice reached 6786 of the 6847 unique Class Member addresses. *Id.* Class Members were given 30 days to exclude themselves from the Settlement or to object to the Settlement. One Class Member chose to be excluded and only two Class Members out of 6,847 objected to the Settlement (Docs. 49, 50, 51). One objection did not expressly challenge the fairness or adequacy of the settlement, and the second expressed the view that any recovery which did not provide for 100% of actual damages together with interest and punitive damages would not be acceptable.

The Plaintiffs have now moved for final approval of the Settlement, which the Court has granted by separate order, and for an award of $1,906,275 in attorneys' fees and a $3,000 class representative fee to each class representative to be paid from the $5,718,825 million Settlement Fund, with the remainder to be distributed pro rata to the Class Members.

## DISCUSSION

**I.     Incentive Award**

Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate to compensate a named plaintiff for the time and expense in bringing the suit and to reward the named plaintiff for the benefits achieved for other class members. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 2009). When deciding whether an incentive award is reasonable, courts consider the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation. *Id.*

The Class Representatives each played an essential role in obtaining this comprehensive recovery on behalf of Sentry's insureds for claims that would not been economically worthwhile for them to pursue on an individual basis. The requested incentive fee is well within the range of class representative fees in class action litigation.[1] Under the circumstances, the Court authorizes and directs payment of a $3,000 incentive fee to each class representative from the Settlement Fund.

**II.    Attorneys' Fees**

Class Counsel seeks a 33 1/3% award of the Settlement Fund, or $1,906,275 in attorneys' fees. To determine if the fee is appropriate, the Court follows the *ex ante* approach. This approach asks the Court to assign fees that "mimic a hypothetical *ex ante* bargain between the class and its attorneys." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir.

---

[1] *See, e.g.*, *Heekin v. Anthem, Inc.*, No. 1:05-CV-01908-TWP, 2012 WL 5878032, at *1 (S.D. Ind. Nov. 20, 2012) (awarding $25,000 incentive fee each to two class representatives); *Lively v. Dynegy, Inc.*, No. 05-CV-0063-MJR, 2008 WL 4657792 (S.D. Ill. Sept. 30, 2008) (awarding $10,000 to each of three plaintiffs); *Morlan v. Universal Guar. Life Ins.*, No. Civ. 99-274-GPM, 2003 WL 22764868 (S.D. Ill. Nov. 20, 2003) (awarding $25,000, $20,000, $20,000 and $5,000 respectively to class representatives); *Spicer v. Chicago Board Options Ex., Inc.*, 844 F. Supp. 1226 (N.D. Ill. 1993) (collecting cases awarding incentive fees ranging from $5,000 to $100,000; awarding $10,000 each to named plaintiffs).

2011). Courts "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time" the litigation began. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). When determining market price, courts should look to the contracts entered into by the parties and Class Counsel in similar cases, information from other cases, and any applicable lead counsel auctions. *Taubenfield v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005). Additional factors include the quality of the attorneys' performances, the amount of work necessary to resolve litigation, and the stakes in the case. *Synthroid*, 264 F.3d at 721.

Out of the 6,847 Class Members, there were only two objections, and only one challenged the terms of the settlement; that objection referred to the attorney fees request but did not object to the amount of fees that has been requested, and instead criticized Sentry and the settlement process in general. That objection does not mention any of the *Synthroid I* factors, or otherwise provide evidence of a reasonable *ex ante* fee. On the other hand, Class Counsel has shown the Court that they have routinely been awarded a contingent 33 1/3% (and in some cases more) of a Settlement Fund, and that their standard contracts, including the contract in this case with the Plaintiffs, routinely provide for a contingent 33 1/3% fee. (Shevitz Decl., ECF No. 55-1.) In addition, Class Counsel have provided the Court with numerous decisions in this District and this Circuit in which a contingent 33 1/3% fee was awarded to class counsel. *See, e.g.*, *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 909 (S.D. Ill. 2012) ("Where the market for legal services in a class action is only for contingency fee agreements . . . , 'the normal rate of compensation in the market' is '33.33% of the common fund recovered.'"); *Kitson v. Bank of Edwardsville*, No. 08-507, 2010 WL 331730, at *2 (S.D. Ill. Jan. 25, 2010) (one-third fee); *Will v. Gen. Dynamics Corp.*, No. 06-698, 2010 WL 4818174, at *3 (S.D. Ill. Nov. 22,

2010) (same). The Court finds that the *ex ante* approach in this case leads to a contingent fee award of 33 1/3% of the fund.

## CONCLUSION

For the reasons set forth above, Class Counsel's request for attorneys' fees in the amount of 33 1/3% of the Settlement Fund, or $1,906,275.00, is **GRANTED**, and the request for the Class Representatives each to be awarded a $3,000 incentive award from the Settlement Fund also is **GRANTED,** and the Claims Administrator is authorized and directed to make such payments as provided by the Settlement.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

**IT IS SO ORDERED.**

**DATED:  October 27, 2016**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**